FILED
CLERK, U.S. DISTRICT COURT

FEB 18 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

M. DAVID WERTHEIMER,                ) NO. CV 07-8158-MMM(E)
                                    )
                Petitioner,         )
                                    )
     v.                             ) ORDER ADOPTING FINDINGS,
                                    )
DAVID M. DAVIES,                    ) CONCLUSIONS AND RECOMMENDATIONS OF
                                    )
                Respondent.         ) UNITED STATES MAGISTRATE JUDGE
                                    )
_____)

     Pursuant to 28 U.S.C. section 636, the Court has reviewed the
Petition, all of the records herein and the attached Report and
Recommendation of United States Magistrate Judge.  The Court approves
and adopts the Magistrate Judge's Report and Recommendation.

     IT IS ORDERED that Judgment be entered denying and dismissing the
Petition with prejudice.

///
///
///
///

1      IT IS FURTHER ORDERED that the Clerk serve copies of this Order,

2  the Magistrate Judge's Report and Recommendation and the Judgment

3  herein by United States mail on Petitioner and counsel for Respondent.

4

5      LET JUDGMENT BE ENTERED ACCORDINGLY.

6

7        DATED:  _____February 12_____ , 2009.

8

9

10                   _____Margaret M. Morrow_____

11                   MARGARET M. MORROW

                   UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

M. DAVID WERTHEIMER,               ) NO. CV 07-8158-MMM(E)
                                   )
                Petitioner,        )
                                   )
        v.                         ) REPORT AND RECOMMENDATION OF
                                   )
DAVID M. DAVIES,                   ) UNITED STATES MAGISTRATE JUDGE
                                   )
                Respondent.        )
                                   )
_____    )

        This Report and Recommendation is submitted to the Honorable
Margaret M. Morrow, United States District Judge, pursuant to 28
U.S.C. section 636 and General Order 05-07 of the United States
District Court for the Central District of California.


                            PROCEEDINGS


        Petitioner filed a "Petition for Writ of Habeas Corpus By a
Person in State Custody" on December 14, 2007, accompanied by an
attached Memorandum ("Pet. Mem.") and a separate Memorandum of Points
and Authorities ("Pet. P&A"). On February 6, 2008, Petitioner filed:

1   (1) an "Application for Temporary Preliminary Injunction) Temporary
2   Restraining Order [sic] Pending Resolution of Habeas Corpus"
3   ("Application"); and (2) a "Notice of Lodgment of Exhibit: Petition
4   for Writ of Mandamus Filed and Denied By the California Supreme
5   Court."  On February 6, 2008, the Court denied the Application.
6   Petitioner filed a motion for reconsideration of the Court's
7   February 6, 2008 order, which the Court denied on May 16, 2008.

9       Meanwhile, on February 14, 2008, Respondent filed a "Motion to
10  Dismiss Petition for Writ of Habeas Corpus, etc." ("Motion to
11  Dismiss").  On June 5, 2008, Petitioner filed an "Answer and
12  Objections to Respondent[']s Motion to Dismiss Petition for Writ of
13  Habeas Corpus," constituting Petitioner's opposition to the Motion to
14  Dismiss ("Opposition").  On June 17, 2008, the Court ordered
15  Respondent to file a Reply to the Opposition.  On July 11, 2008,
16  Respondent filed a Reply.

18                          **BACKGROUND**

20      Petitioner's claims arise out of proceedings in which the State
21  charged Petitioner with grand theft and with engaging in the
22  unauthorized practice of law (see Motion to Dismiss, Ex. 2, p. 21).[1]
23  As set forth in fuller detail below, Petitioner eventually pled no
24  contest to one count of grand theft pursuant to a plea agreement
25  consummated after the trial court granted a prosecution motion

---

27      [1]    The charges occurred in two initially separate cases:
    Los Angeles County Superior Court case number MA033935, and
28  Los Angeles County Superior Court case number MA035442.

2

1  in limine.

2

3      Petitioner alleges that, in April of 2006, the day before trial
4  was to start, the prosecution filed a motion in limine seeking an
5  order barring Petitioner from using the term "attorney-in-fact" before
6  the jury (Pet. Mem., p. 1).  Petitioner does not identify the case in
7  which the motion in limine was filed, but it appears from other
8  information in the record that the prosecution filed this motion in
9  case number MA033935.  Petitioner alleges that Commissioner Murphy
10 granted the motion (Pet. Mem., p. 1).

11

12      On May 6, 2006, Petitioner filed a "Petition for Writ of
13 Mandamus/Prohibition (Habeas Corpus)" in the California Court of
14 Appeal, in case number B190753 (see Motion to Dismiss, Ex. 9).[2]  The
15 California Court of Appeal's docket reflects that this petition
16 related to Los Angeles County Superior Court case number MA033935.[3]
17 On May 17, 2006, the Court of Appeal denied the petition, stating the
18 following:

19

20      Petitioner's contention appears to be that a person who
21      is not licensed to practice law may do so.  The contention
22      is totally without merit.  While a person may represent his

23  ──────────────

24      [2]   This Court of Appeal petition is not in the present
     record.

25      [3]   The Court takes judicial notice of the California Court
26  of Appeal's docket in Wertheimer v. Superior Court, case number
    B190753, available on the California courts' website at
27  www.courtinfo.ca.gov.  See Mir v. Little Company of Mary Hosp.,
    844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice
28  of court records).

own interests in a legal proceeding, he cannot represent
another person unless he is an active member of the State
Bar. (Bus. & Prof. Code § 6125; *J.W. v. Superior Court*
(1993) 17 Cal.App.4th 958, 965; *People ex rel. Dept. of
Public Works v. Malone* (1965) 232 Cal.App.2d 531, 536-37;
*Drake v. Superior Court* (1994) 21 Cal.App.4th 1826, 1830-
32.)

(Motion to Dismiss, Ex. 9, p. 150).

On June 13, 2006, Petitioner filed a petition for review in the
California Supreme Court.[4]  The California Supreme Court's docket
shows that, on July 19, 2006, the California Supreme Court denied the
petition summarily.[5]  Neither this petition nor the California Supreme
Court's order denying the petition are in the record, but the
California Supreme Court's docket indicates the petition sought review
of the Court of Appeal's decision in Court of Appeal case number
B190753.

Petitioner alleges that, in July of 2006, Petitioner was arrested
on "another set of the same charges," apparently in Los Angeles

---

[4]     The Court takes judicial notice of the California
Supreme Court's docket in <u>Wertheimer v. Superior Court</u>,
California Supreme Court case number S144269, filed on June 13,
2006, available on the California courts' website.  See <u>Mir v.
Little Company of Mary Hosp.</u>, 844 F.2d at 649.

[5]     Although Petitioner contends the California Supreme
Court denied the petition as premature (<u>see</u> Pet. Mem., p. 2), the
Court's docket reflects only that the California Supreme Court
denied the petition.

Superior Court case number MA035442 (Pet. Mem., p. 2). At a preliminary hearing on August 10, 2006 in case number MA035442, the prosecution introduced evidence to show that Petitioner, who is not licensed to practice law in California, allegedly had provided legal representation to several individuals, including representation during court appearances, in return for payment of a fee (see Motion to Dismiss, Ex. 3). The prosecution introduced evidence to show that Petitioner told his purported "clients" that Petitioner assertedly was permitted to provide such representation as a purported "attorney-in-fact" pursuant to the California Probate Code (id.).

At the preliminary hearing, the prosecutor told the court that, in Petitioner's other case, case number MA033935, the parties had been engaged in jury selection when the court granted the prosecution's motion in limine (Motion to Dismiss, Ex. 3, p. 25). Petitioner's counsel informed the court that, in case number MA033935, Petitioner had contended that provisions of the California Probate Code concerning powers of attorney authorized Petitioner to engage in the challenged practices (id., p. 56). Petitioner's counsel explained that Petitioner had sought a writ in the California Court of Appeal on that issue, and allegedly had a petition pending in the California Supreme Court (id., p. 56).

On October 5, 2006, the court consolidated the two cases (id.). The court arraigned Petitioner, and Petitioner elected to represent himself (Motion to Dismiss, Ex. 2, pp. 20-21). Also on October 5, 2006, the prosecution filed an Amended Information in the consolidated cases charging Petitioner with four counts of grand theft in violation

1  of California Penal Code section 487 and four counts of engaging in

2  the unauthorized practice of law in violation of California Penal Code

3  section 6126 (Motion to Dismiss, Ex. 1, pp. 15-19).

4

5      On July 11, 2007, Petitioner filed a "Petition for Writ of

6  Prohibition/Mandamus" in the California Court of Appeal, in <u>Wertheimer</u>

7  <u>v. Superior Court</u>, case number B200398 (Motion to Dismiss, Ex. 5).

8  The Court of Appeal denied the petition on July 24, 2007.[6]  Petitioner

9  filed a Petition for Writ of Mandamus/Prohibition in the California

10 Supreme Court on August 20, 2007, which the California Supreme Court

11 referred to the Court of Appeal for consideration in light of <u>Hagan v.</u>

12 <u>Superior Court</u>, 57 Cal. 2d 767, 770-71, 22 Cal. Rptr. 206 (1962)

13 (court may refuse to consider repetitious applications of the same

14 petition) (<u>see</u> Motion to Dismiss, Ex. 6; Ex. 7, p. 148).  On

15 October 1, 2007, the Court of Appeal denied the petition on the ground

16 that the petition was "substantially identical" to the previous

17 petitions Petitioner had filed in the Court of Appeal in case number

18 B200398 and case number B190753 (Motion to Dismiss, Ex. 8, p. 149).

19

20     On October 1, 2007, the trial court indicated that the parties

21 had reached a negotiated disposition calling for a sentence of time

22 served, three years' formal probation, payment of restitution to all

23 named victims and "45 days of CalTrans" (Motion to Dismiss, Ex. 4,

24 p. 67).  The court indicated that Commissioner Murphy previously had

25 _____

26     [6]   Although the Court of Appeal's order denying the
   petition is not in the record, the docket in <u>Wertheimer v.</u>
27 <u>Superior Court</u>, case number B200398, of which the Court takes
   judicial notice, shows the Court of Appeal denied the petition on
28 July 24, 2007.

1 conducted a hearing on the issue of whether Petitioner could assert a
2 defense that the California Probate Code assertedly allowed Petitioner
3 to represent himself as a lawyer and to practice law (id.). The court
4 stated that Commissioner Murphy had excluded the evidence, and that
5 Petitioner wanted to appeal that ruling (id.). The prosecutor renewed
6 the motion in limine, indicating that the prosecutor did not know
7 whether Commissioner Murphy had ruled only that Petitioner could not
8 use the term "attorney in fact" or alternatively had ruled that
9 Petitioner could not use "any statutory law regarding the defendant
10 having a right to practice law" (id.). The court indicated that it
11 had reviewed the record and that the commissioner's ruling had been
12 "very vague" (id.). The following occurred:

14 The Court:

16 . . .

18 But I would agree that this defendant cannot introduce
19 various statutory provisions under the Probate Code and
20 other sections, thereby allowing him to assert some type of
21 defense that because he is an attorney in fact he has the
22 right to practice law.

24 Now, that does not mean that I'm excluding factual
25 assertions that perhaps he represented himself as an
26 attorney in fact versus an attorney at law. I think that is
27 a factual issue that can be delved into. But as far as the
28 legal aspect of it, I would agree with Commissioner Murphy

1    that that needs to stay out.

2

3         So based on that is it still your desire to enter into

4    a plea?

5

6    Mr. Wertheimer:  I believe so.  Commissioner Murphy only

7    restricted me from using the term "attorney in fact."  He

8    did not say that I could not use the statutory laws and the

9    Uniform Power of Attorney Act.  [The prosecutor] understood

10   the ruling to me [sic] that it encompassed all of that and I

11   wanted a 402 hearing[7] to clarify whether I could present

12   statutory law as an affirmative defense.

13

14   The Court:  Under the Probate Code section?

15

16   Mr. Wertheimer:  Yes.  Multiple sections, actually.

17

18   The Court:  Yes.  The court would sustain that request.  The

19   Probate Code has no relevance in this area and it would be

20   unduly confusing to the jury.  So the court's ruling on that

21   is that those statutory provisions would be excluded.

22

23   (id., pp. 68-69).

24   ///

25   ///

26   _____

27        7    See Cal. Evidence Code § 402 (authorizing court to hold
     hearing on issue of admissibility of evidence out of the presence
28   of the jury).

8

1    Thereafter, Petitioner pled no contest to one count of grand

2  theft pursuant to a plea agreement, and received a sentence of time

3  served and three years' formal probation (id., pp. 74-81).

4

5                        **PARTIES' CONTENTIONS**

6

7    In the Petition, Petitioner contends that the trial court's

8  alleged in limine rulings that Petitioner could not call himself an

9  "attorney-in-fact" as part of his trial defense and could not use

10 provisions of the Probate Code to show Petitioner allegedly had the

11 right to practice law without a license violated Petitioner's Due

12 Process right to present a defense (Pet. P&A, p. 2).  Petitioner also

13 contends that these rulings violated Brady v. Maryland, 373 U.S. 83

14 (1963) ("Brady") (Pet. P&A, pp. 2-9).

15

16   In the Motion to Dismiss, Respondent contends that, under Tollett

17 v. Henderson, 411 U.S. 258 (1973) ("Tollett"), Plaintiff's plea

18 forecloses his challenge to the trial court's pre-plea rulings.[8]

19 Respondent also asserts that the Petition alleges only a state law

20 claim not cognizable on federal habeas review.  Respondent further

21 asserts that California law does not allow a person holding a power of

22 attorney to practice law.

23 ///

24

25       [8]    Tollett held that, "[w]hen a criminal defendant has
26 solemnly admitted in open court that he is in fact guilty of the
   offense with which he is charged, he may not thereafter raise
27 independent claims relating to the deprivation of constitutional
   rights that occurred prior to the entry of the guilty plea."
28 Tollett, 411 U.S. at 267.

1   In his Opposition, Petitioner contends that <u>Tollett</u> is not a bar

2   to the claims alleged in the Petition because: (1) Petitioner's plea

3   allegedly was not knowing, voluntary and intelligent; (2) <u>Tollett</u>

4   allegedly does not apply to a "no contest" plea; and (3) under a

5   purported exception to <u>Tollett</u>, the trial court allegedly lacked

6   jurisdiction to hold Petitioner to answer because California Probate

7   Code section 4500 assertedly provided Petitioner with an affirmative

8   defense.

9

10   In the Reply, Respondent contends that the Opposition's

11   challenges to the validity of the plea are unexhausted.   Respondent

12   also disputes those challenges on the merits.

13

14                                **DISCUSSION**

15

16   For the reasons discussed below, the Petition should be denied

17   and dismissed with prejudice.

18

19   The gravamen of the Petition is that the trial court allegedly

20   prohibited Petitioner from presenting evidence that provisions of

21   California's Uniform Statutory Form Power of Attorney Act, California

22   Probate Code section 4400 <u>et seq.</u>, authorized Petitioner to provide

23   legal representation to others as a purported "attorney in fact"

24

25

26

27

28

10

without a law license.[9]  The Petition contains only Petitioner's
claims that the trial court's ruling violated Due Process and <u>Brady</u>.
In ruling on Respondent's Motion to Dismiss, the Court is limited to
consideration of the claims contained in the Petition and matters
judicially noticed, and may not consider Petitioner's new factual
allegations in his Opposition concerning the validity of his plea.
<u>See</u> Rule 4 of the Rules Governing Section 2254 Cases in the United
States District Courts ("If it plainly appears from the face of the
petition and any exhibits annexed to it that the petitioner is not
entitled to relief in the district court, the judge shall make an
order for its summary dismissal and cause the petitioner to be
notified."); <u>see also</u> <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688-89
(9th Cir. 2001) (in ruling on sufficiency of complaint, court may
consider matters judicially noticed); <u>Schneider v. Cal. Dep't of</u>
<u>Corrections</u>, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (in ruling on
motion to dismiss, court may not look beyond the complaint to
allegations contained in an opposition to the motion).[10]  However, the
Court may consider new allegations contained in the Opposition in
deciding whether to grant leave to amend.  <u>See</u> <u>Broam v. Brogan</u>, 320

---

[9]     California's Uniform Statutory Power of Attorney Act
was contained in the California Civil Code until 1994, when the
Legislature transferred its provisions to the California Probate
Code.  <u>See</u> Cal. Stats. 1994, ch. 307, § 9 (approved by the
Governor, July 20, 1994).

[10]     The Court takes judicial notice of the court records
attached as Exhibits to the Motion to Dismiss.  <u>See</u> <u>Mir v. Little</u>
<u>Company of Mary Hosp.</u>, 844 F.2d at 649.

1 │ F.3d 1023 1026 n.2 (9th Cir. 2003).[11]

2 │

3 │     To warrant habeas relief, a petitioner must allege that he or she

4 │ is in custody "in violation of the Constitution or laws or treaties of

5 │ the United States" within the meaning of 28 U.S.C. section 2254(a).

6 │ See Frantz v. Hazey, ___ F.3d ___, 2008 WL 2600143, at *7-8 (9th Cir.

7 │ Jan. 22, 2008).  The Petition fails to allege any such violation.[12]

8 │

9 │     "In conducting habeas review, a federal court is limited to

10 │ deciding whether a conviction violated the Constitution, laws, or

11 │ treaties of the United States."  Estelle v. McGuire, 502 U.S. at 68.

12 │ Allegations of state law error are not cognizable on federal habeas

13 │ corpus review.  Id. at 67-68.

14 │

15 │     In limited circumstances, however, the exclusion of crucial

16 │ evidence may violate the Constitution.  See Holmes v. South Carolina,

17 │ 547 U.S. 319, 324 (2006) ("[w]hether rooted directly in the Due

18 │ ────────────────────

19 │     [11]    It appears that Petitioner has not exhausted the
20 │ challenges to the validity of his plea contained in his
   │ Opposition, as required by 28 U.S.C. section 2254 (b)(1).  The
21 │ record does not show that Petitioner ever "fairly presented"
   │ these contentions to the California Supreme Court.  See Castille
22 │ v. Peoples, 489 U.S. 346, 350-51 (1989) (state remedies are
   │ unexhausted unless the petitioner's federal claims have been
23 │ presented to the state's highest court); see also James v. Borg,
   │ 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994).
24 │

25 │     [12]    Therefore, this Court need not determine whether habeas
   │ relief is foreclosed under the standard of review set forth in 28
26 │ U.S.C. section 2254(d).  See Frantz v. Hazey, 2008 WL 2600143, at
   │ *7-8 (federal habeas court may determine whether petitioner
27 │ alleges that he is in custody in violation of the Constitution,
   │ laws or treaties of the United States prior to applying standard
28 │ of review set forth in 28 U.S.C. section 2254(d)).

1  Process Clause of the Fourteenth Amendment, or in the Compulsory

2  Process or Confrontation clauses of the Sixth Amendment, the

3  Constitution guarantees criminal defendants a meaningful opportunity

4  to present a complete defense") (citations and internal quotations

5  omitted); Chambers v. Mississippi, 410 U.S. 284, 302 (1973); Chia v.

6  Cambra, 360 F.3d 997, 1003 (9th Cir. 2004), cert. denied, 544 U.S. 919

7  (2005); Perry v. Rushen, 713 F.2d 1447, 1452 (9th Cir. 1983), cert.

8  denied, 469 U.S. 838 (1984).

9

10  Still, "[w]hile the Constitution . . . prohibits the exclusion of

11  defense evidence under rules that serve no legitimate purpose or that

12  are disproportionate to the ends that they are asserted to promote,

13  well-established rules of evidence permit trial judges to exclude

14  evidence if its probative value is outweighed by certain other factors

15  such as unfair prejudice, confusion of the issues, or potential to

16  mislead the jury." Holmes v. South Carolina, 547 U.S. at 326

17  (citations omitted). Thus, "the Constitution permits judges to

18  exclude evidence that is repetitive . . . , only marginally relevant

19  or poses an undue risk of harassment, prejudice or confusion of the

20  issues." Id. at 326-27 (citations and internal brackets and

21  quotations omitted).

22

23  To determine whether the exclusion of evidence violated the

24  Constitution, the Court may consider: (1) the probative value of the

25  excluded evidence on the central issue; (2) its reliability;

26  (3) whether it is capable of evaluation by the trier of fact;

27  (4) whether it is the sole evidence on the issue or merely cumulative;

28  and (5) whether it constitutes a major part of the attempted defense.

Chia v. Cambra, 360 F.3d at 1004 (citation omitted); Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir. 1990), cert. denied, 498 U.S. 1091 (1991) (citations omitted).  A criminal defendant's right to present a defense does not include the right to present irrelevant evidence. See Daniels v. Henry, 2008 WL 2235608, at *1 (9th Cir. June 2, 2008);[13] United States v. Vazquez-Botet, ___ F.3d ___, 2008 WL 2673181, at *9 (1st Cir. July 9, 2008); United States v. Prince-Oyibo, 320 F.3d 494, 501 (4th Cir.), cert. denied, 540 U.S. 1090 (2003); Morgan v. Krende, 232 F.3d 562, 566 (7th Cir. 2000), cert. denied, 532 U.S. 951 (2001); United States v. Bautista, 145 F.3d 1140, 1151-52 (10th Cir.), cert. denied, 525 U.S. 911 (1998); United States v. Anderson, 872 F.2d 1508, 1519 (11th Cir. 1989), cert. denied, 493 U.S. 1004 (1989).

Here, the evidence Petitioner sought to introduce was legally irrelevant.  Contrary to Petitioner's contentions, California's Uniform Statutory Form Power of Attorney Act does not authorize an unlicensed person to practice law.

California prohibits the unauthorized practice of law in order "to afford protection against persons who are not qualified to practice the profession."  Gerhard v. Stephens, 68 Cal. 2d 864, 918, 69 Cal. Rptr. 612, 442 P.2d 692 (1968).  California Business and Professions Code section 6125 provides:  "No person shall practice law in California unless the person is an active member of the State Bar."

_____

   [13]   The Court may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007.  See U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed. R. App. P. 32.1(a).

1  California Business and Professions Code section 6126(a) provides, in

2  pertinent part: "Any person advertizing or holding himself or herself

3  out as practicing or entitled to practice law or otherwise practicing

4  law who is not an active member of the State Bar, or otherwise

5  authorized pursuant to statute or court rule to practice law in this

6  state at the time of doing so, is guilty of a misdemeanor . . . ."

7

8      California's Uniform Statutory Form Power of Attorney Act lists

9  the various powers conferred in a statutory form power of attorney.

10  See Cal. Probate Code section 4459.[14]  California courts have rejected

11  ─────────────────

12      [14]    California Probate Code section 4459 provides:

13          In a statutory form power of attorney, the
       language with respect to claims and litigation empowers
14      the agent to do all of the following:

15      (a) Assert and prosecute before a court or
       administrative agency a claim, claim for relief, cause
16      of action, counterclaim, cross-complaint, or offset,
       and defend against an individual, a legal entity, or
17      government, including suits to recover property or
       other thing of value, to recover damages sustained by
18      the principal, to eliminate or modify tax liability, or
       to seek an injunction, specific performance, or other
19      relief.

20
       (b) Bring an action to determine adverse claims,
21      intervene in litigation, and act as amicus curiae.

22
       (c) In connection with litigation:
23
       (1) Procure an attachment, garnishment, libel, order of
24      arrest, or other preliminary, provisional, or
       intermediate relief and use any available procedure to
25      effect, enforce, or satisfy a judgment, order, or
       decree.
26

27      (2) Perform any lawful act, including acceptance of
       tender, offer of judgment, admission of facts,
28
                                          (continued...)

1   the proposition that the statute confers upon one holding a power of

2   attorney the authority to provide legal representation to others:

4          Long before passage of the Power of Attorney Act, the

---

6   [14](...continued)
7   submission of a controversy on an agreed statement of
    facts, consent to examination before trial, and binding
8   the principal in litigation.

9   (d) Submit to arbitration, settle, and propose or
    accept a compromise with respect to a claim or
10  litigation.

11  (e) Waive the issuance and service of process upon the
    principal, accept service of process, appear for the
12  principal, designate persons upon whom process directed
13  to the principal may be served, execute and file or
    deliver stipulations on the principal's behalf, verify
14  pleadings, seek appellate review, procure and give
    surety and indemnity bonds, contract and pay for the
15  preparation and printing of records and briefs, receive
    and execute and file or deliver a consent, waiver,
16  release, confession of judgment, satisfaction of
17  judgment, notice, agreement, or other instrument in
    connection with the prosecution, settlement, or defense
18  of a claim or litigation.

19  (f) Act for the principal with respect to bankruptcy or
    insolvency proceedings, whether voluntary or
20  involuntary, concerning the principal or some other
21  person, or with respect to a reorganization proceeding,
    or with respect to an assignment for the benefit of
22  creditors, receivership, or application for the
    appointment of a receiver or trustee which affects an
23  interest of the principal in property or other thing of
    value.
24

25  (g) Pay a judgment against the principal or a
    settlement made in connection with litigation and
26  receive and conserve money or other thing of value paid
    in settlement of or as proceeds of a claim or
27  litigation.

28

16

1   law distinguished between an attorney in fact and an

2   attorney at law and emphasized that a power of attorney is

3   not a vehicle which authorizes an attorney in fact to act as

4   an attorney at law. (*People ex rel. Dept. of Public Works v.*

5   *Malone* (1965) 232 Cal.App.2d 531, 536-37, 42 Cal.Rptr. 888.)

6   As explained in *Malone*, "If the rule were otherwise, the

7   State Bar Act could be relegated to contempt by any layman

8   who secured from his principal an ordinary power of

9   attorney, for the purpose of representing him in pending

10  litigation." (*Ibid.*)

11

12          Nothing in the Power of Attorney Act changes this rule.

13  As the California Law Revision Commission recognized, the

14  authority of attorneys in fact under section 2494 [now

15  California Probate Code section 4459] is restricted -- it is

16  "subject to conditions of fact and law that exist outside

17  this chapter." (Recommendation Relating to Uniform Statutory

18  Form Power of Attorney Act (Dec. 1989) 20 Cal. Law Revision

19  Com. Rep. (1990) p. 401.)  One such law existing outside the

20  chapter is the State Bar Act's prohibition against the

21  practice of law by nonlawyers.

22

23  Drake v. Superior Court, 21 Cal. App. 4th 1826, 1831, 26 Cal. Rptr. 2d

24  829 (1994).

25

26          Thus, "[d]espite broad statutory language of the power of

27  attorney with respect to claims and litigation, the attorney in fact

28  may not act as an attorney in law on behalf of his principal, even

17

though the principal could appear in propria persona." <u>In re Marriage</u> <u>of Caballero</u>, 27 Cal. App. 4th 1139, 1151, 33 Cal. Rptr. 2d 46 (1994) (citation omitted); <u>see also</u> <u>Ziegler v. Nickel</u>, 64 Cal. App. 4th 545, 548, 75 Cal. Rptr. 2d 312 (1998) ("one holding a special power of attorney cannot act as an attorney for another by virtue of the power of attorney") (citation omitted).

The language of California Business and Professions Code section 6126 making it a misdemeanor to practice law without a license unless "otherwise authorized pursuant to statute or court rule to practice law in this state at the time of doing so" does not authorize Petitioner to practice law without a license pursuant to a power of attorney.  As indicated above, nothing in California's Statutory Form Power of Attorney Act authorized Petitioner to engage in the unlicensed practice of law.[15]  Petitioner references California Probate Code section 4500, which provides: "A power of attorney is exercisable free of judicial intervention, subject to this part." This section concerns the exercise of powers authorized by the Uniform Statutory Form Power of Attorney Act.  As indicated above, however, the Act does not confer upon one holding a power of attorney the

---

[15]    The legislative history of the 2002 amendment to California Business and Professions Code section 6126 adding the phrase "otherwise authorized pursuant to statute or court rule to practice law in this state at the time of doing so" indicates that the Legislature was concerned with the ability of out-of-state attorneys to appear <u>pro hac vice</u> in California courts.  <u>See</u> California Bill Analysis, S.B. 1459, Assembly Committee on the Judiciary, June 25, 2002).  The Court has found nothing in the legislative history indicating the Legislature meant to abrogate California's long-standing rule that a power of attorney confers no authority upon a person to practice law without a State Bar license.

1   ability to practice law without a law license.  Therefore, California

2   Probate Code section 4500 did not confer upon Petitioner the power or

3   right to engage in the unlicensed practice of law.

4

5       In sum, because nothing in the California Uniform Statutory Form

6   Power of Attorney Act authorized Petitioner to practice law without a

7   license from the State Bar, the evidence Petitioner sought to

8   introduce concerning his purported ability to practice law as an

9   "attorney in fact" pursuant to a power of attorney was irrelevant, and

10  its introduction posed an undue risk of prejudice and confusion.  <u>See</u>

11  <u>Holmes v. South Carolina</u>, 547 U.S. at 326-27.  Therefore, the trial

12  court's exclusion of this evidence did not violate Petitioner's

13  constitutional rights.[16]  <u>See</u> <u>id.</u>  On its face, therefore, the

14

_____

15      [16]   Petitioner's reliance on <u>Brady v. Maryland</u>, 373 U.S. 83

16  (1963) ("<u>Brady</u>") is wholly misplaced.  <u>Brady</u> held that the
    suppression by the prosecution of evidence favorable to an

17  accused violates due process "where the evidence is material
    either to guilt or to punishment, irrespective of the good faith

18  or bad faith of the prosecution."  <u>Brady</u>, 373 U.S. at 87 (1963).
    The three "essential elements" of a <u>Brady</u> claim are: "The

19  evidence at issue must be favorable to the accused, either
    because it is exculpatory or because it is impeaching; [the]

20  evidence must have been suppressed by the State, either wilfully
    or inadvertently; and prejudice must have ensued."  <u>Banks v.</u>

21  <u>Dretke</u>, 540 U.S. 668, 691 (2004) (citation and internal
    quotations omitted).  Petitioner does not allege, and the record

22  does not show, that the prosecution suppressed any allegedly
    favorable evidence.  To the contrary, Petitioner knew of and

23  himself proffered the evidence in question, the exclusion of
    which Petitioner complains.  In the context of <u>Brady</u>, to suppress

24  evidence means to conceal, withhold or fail to disclose the
    evidence.  The filing of a motion arguing that evidence is

25  inadmissible does not constitute suppression within the meaning
    of <u>Brady</u>.  In any event, the inadmissibility of this evidence

26  necessarily renders any "suppression" of the evidence non-
    prejudicial.  For multiple reasons, therefore, <u>Brady</u> is plainly

27                                              (continued...)

28

1   Petition fails to state any cognizable claim for habeas relief.

2

3       The Court should not dismiss a <u>pro se</u> petition without leave to

4   amend unless the pleading could not possibly be cured by amendment.

5   <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc)

6   (court should not dismiss <u>pro</u> <u>se</u> complaint without leave to amend

7   "unless it determines that the pleading could not possibly be cured by

8   the allegation of other facts") (citation and internal quotations

9   omitted).  Here, however, cure is impossible because any amendment

10  would be futile.  <u>See</u> <u>Plumeau v. School District #40, County of</u>

11  <u>Yamhill</u>, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend

12  appropriate where further amendment would be futile).  Amendment could

13  not possibly cure the fundamental deficiencies in the claims

14  previously pleaded in the Petition.  Even if Petitioner were to amend

15  the Petition to assert the apparently unexhausted contentions

16  contained in the Opposition (in an effort to avoid the bar of

17  <u>Tollett</u>), such amendment would be futile because, <u>inter alia</u>,

18  Petitioner's underlying claims wholly lack merit.[17]  Therefore, the

19  Petition should be denied and dismissed without leave to amend and

20  with prejudice.

21  ///

22  ///

23  ///

24  _____

25      [16](...continued)
    inapplicable.

26

27      [17]    The Court need not and does not determine whether
    <u>Tollett</u> bars the claims in the Petition.  The claims in the
28  Petition fail intrinsically as a matter of law.

1     **RECOMMENDATION**

2

3          For the foregoing reasons, IT IS RECOMMENDED that the Court issue

4     an Order: (1) approving and adopting this Report and Recommendation;

5     and (2) denying and dismissing the Petition with prejudice.

6

7          DATED:   August 5, 2008.

8

9                                         _____/s/_____

10                                         CHARLES F. EICK
                                          UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number.  No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.